IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **12 - CV - 00015**

BRIAN DEMAESTRI,
Plaintiff,

-v-

STA INTERNATIONAL,
Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN -3 2012

GREGORY C. LANGHAM
CLERK

## VERIFIED COMPLAINT FOR VIOLATIONS OF THE FCRA AND FDCPA

Plaintiff, Brian DeMaestri, hereby sues Defendant, STA INTERNATIONAL, and alleges:

### PRELIMINARY STATEMENT

1. This is an action for damages brought for damages for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 et seq. and violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 et seq

### PARTIES

2. Plaintiff, Brian DeMaestri, is a natural person and is a resident of the State of Colorado presently residing at 9901 E. Evans Ave. #23D Denver, CO 80247

3. Defendant, STA INTERNATIONAL, is an unknown entity with offices at 1400 Old Country Road, Suite 411 Westbury, NY 11590.

### JURISDICTION AND VENUE

4. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p.

5. Venue is proper in this Circuit pursuant to 28 U.S.C. §1391b.

STA INTERNATIONAL. Verified Complaint for Violations of FCRA and FDCPA   Page 1 of 6

6. This is an action for damages which do not exceed $5,000.00.

7. All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

8. Plaintiff obtained his consumer reports from the three major credit reporting agencies and found entries by entities he was unfamiliar with in the reports.

9. Plaintiff determined that his consumer reports had been obtained on various occasions by various entities he did not recognize and without his consent.

10. Plaintiff found after examination of his Experian consumer report that on December 14, 2010, STA INTERNATIONAL initiated a pull of Plaintiff's consumer report from Experian.

11. The FCRA, 15 U.S.C § 1681b defines the permissible purposes for which a person may obtain a consumer report.

12. Such permissible purposes as defined by 15 U.S.C § 1681b are generally, for the review or collection of an "account", if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona-fide offer of credit as a result of the inquiry.

13. The FCRA, 15 U.S.C. § 1681a(r)(4) defines what the term "account" means as follows:

There terms "account" and "electronic fund transfer" have the same meanings as in section 903 of the Electronic Fund Transfer Act.

14. Section 903 Definitions of the Electronic Fund Transfer Act, defines the term "account" as follows:

the term "account" means a demand deposit, savings deposit, or other asset account (other than an occasional or incidental credit balance in an open end credit plan as defined in section 103(i) of this Act), as described in regulations of the Board, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement.

15. Defendant obtained Plaintiffs consumer report to try to collect an alleged debt.

16. Plaintiff has never had any business dealings, debts or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona-fide offer of credit from Defendant STA INTERNATIONAL.

17. At no time did Plaintiff give his consent for Defendant STA INTERNATIONAL to obtain his consumer report from any credit reporting agency.

18. On June 14, 2010, STA INTERNATIONAL initiated a pull of Plaintiff's consumer report from Experian with no permissible purpose in violation of 15 U.S.C § 1681b.

## COUNT I
## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 WILLFUL NON-COMPLIANCE BY DEFENDANT STA INTERNATIONAL

19. Paragraphs 1 through 18 are realleged as though fully set forth herein.

20. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

21. STA INTERNATIONAL is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

22. STA INTERNATIONAL willfully violated the FCRA. Defendant's violations include, but are not limited to, the following:

(a) STA INTERNATIONAL willfully violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. §1681b.

WHERFFORE, Plaintiff demands judgment for damages against STA INTERNATIONAL for statutory damages of $1000 and attorney's fees and costs, pursuant to 15 U.S.C. §1681n.

## COUNT II
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692
## BY DEFENDANT STA INTERNATIONAL

23. Paragraphs 1 through 18 are realleged as though fully set forth herein.

24. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

25. STA INTERNATIONAL is a debt collector within the meaning of the FDCPA 15 U.S.C. §1692a(6).

26. STA INTERNATIONAL violated the FDCPA. Defendants' violations include, but are not limited to, the following:

(a) STA INTERNATIONAL violated 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(b) STA INTERNATIONAL violated 15 U.S.C. §1692f(1) by the use of unfair or unconscionable means to collect or attempt to collect any debt.

WHEREFORE, Plaintiff demands judgment for damages against STA INTERNATIONAL for statutory damages in the amount of $1000 and attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

### REQUEST FOR RELIEF

Plaintiff respectfully requests the following relief:

a. Statutory damages in the amount of $2,000.
b. All costs of court, filing fees, document preparation fees and the like.
c. Any further relief which the court may deem appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: January 3, 2012

Respectfully submitted,

Brian DeMaestri, Pro Se
9901 E. Evans Ave. #231
Denver, CO 80247

## VERIFICATION

The undersigned, for himself declares:

I am the Plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. With respect to the causes of action alleged by me, the same is true by my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: 1/3/12

:Brian-Daniel: DeMaestri: