# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 12-cv-00015-MJM-MJW

BRIAN DEMAESTRI,

Plaintiff,

v.

STA INTERNATIONAL, et. al.

Defendant.

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, the Defendant, STA International ("Defendant" or "STA"), by and through its counsel of record, and for its Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

1.   The allegations set forth in Paragraph No. 1 of Plaintiff's Complaint do not call for a response from Defendant.  To the extent that a response is required, Defendant denies that it violated the Fair Credit Reporting Act or the Fair Debt Collections Practices Act.

2.   Defendant admits Plaintiff is a natural person. Defendant is without information or knowledge sufficient to respond to the remaining allegations contained in Paragraph No. 2 of Plaintiff's Complaint and accordingly denies same.

3.   Defendant denies that it is an "unknown entity." Defendant admits that it has offices located at 1400 Old Country Road, Suite 411, Westbury, NY 11590.  Defendant denies the remaining allegations contained in Paragraph No. 3 of Plaintiff's Complaint.

4. The allegations contained in Paragraph 4 of Plaintiff's Complaint are legal conclusions to which no response from Defendant is required. To the extent a response is required, Defendant does not contest subject matter jurisdiction at this time.

5. The allegations in Paragraph 5 of Plaintiff's Complaint are legal conclusions to which no response from Defendant is required. To the extent a response is required, Defendant does not contest venue at this time.

6. Defendant denies that Plaintiff has suffered any damages or that Defendant violated the Fair Credit Reporting Act or the Fair Debt Collections Practices Act.

7. The allegations in Paragraph 7 of Plaintiff's Complaint are legal conclusions to which no response from Defendant is required. To the extent a response is required, Defendant denies the allegations.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations contained in Paragraph No. 8 of Plaintiff's Complaint and accordingly denies same.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations contained in Paragraph No. 9 of Plaintiff's Complaint and accordingly denies same.

10. Defendant denies the allegations contained in Paragraph No. 10 of the Complaint.

11. The allegations in Paragraph 11 of Plaintiff's Complaint are legal conclusions to which no response from Defendant is required. Defendant further submits that any applicable provision of the FCRA will speak for itself. To the extent a response is required, Defendant denies the allegations.

12. The allegations in Paragraph 12 of Plaintiff's Complaint are legal conclusions to which no response from Defendant is required. Defendant further submits that any applicable provision of the FCRA will speak for itself. To the extent a response is required, Defendant denies the allegations.

13. The allegations in Paragraph 13 of Plaintiff's Complaint are legal conclusions to which no response from Defendant is required. Defendant further submits that any applicable provision of the FCRA will speak for itself. To the extent a response is required, Defendant denies the allegations.

14. The allegations in Paragraph 14 of Plaintiff's Complaint are legal conclusions to which no response from Defendant is required. Defendant further submits that any applicable provision of the Electronic Fund Transfer Act will speak for itself. To the extent a response is required, Defendant denies the allegations.

15. Defendant denies the allegations contained in Paragraph No. 15 of the Complaint.

16. Defendant admits that Plaintiff does not have an "account" with Defendant, but denies that it has any bearing on Plaintiff's claims in this matter. Defendant denies the remaining allegations contained in Paragraph No. 16 of Plaintiff's Complaint.

17. Defendant admits that Plaintiff did not give his direct consent to any inquiries relating to his consumer report, but denies that it has any bearing on Plaintiff's claims in this matter. Defendant denies the remaining allegations contained in Paragraph No. 17 of Plaintiff's Complaint.

18. Defendant denies the allegations contained in Paragraph No. 18 of the Complaint.

19. Defendant restates its responses to Paragraph Nos. 1-18 as set forth above.

20.   The allegations contained in Paragraph 20 of Plaintiff's Complaint are legal conclusions to which no response from Defendant is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations contained in Paragraph No. 20 of Plaintiff's Complaint and accordingly denies same.

21.   The allegations contained in Paragraph 21 of Plaintiff's Complaint are legal conclusions to which no response from Defendant is required.  To the extent a response is required, Defendant denies the allegations.

22.   Defendant denies the allegations contained in Paragraph No. 22 of Plaintiff's Complaint, including subpart (a) and the "WHEREFORE" clause.

23.   Defendant restates its responses to Paragraphs 1-22 as set forth above.

24.   The allegations contained in Paragraph No. 24 of Plaintiff's Complaint are legal conclusions to which no response from Defendant is required.   To the extent an additional response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations contained in Paragraph No. 24 of Plaintiff's Complaint and accordingly denies same.

25.   The allegations contained in Paragraph No. 25 of Plaintiff's Complaint are legal conclusions to which no response from Defendant is required. To the extent a response is required, Defendant denies the allegations.

26.   Defendant denies the allegations contained in Paragraph No. 26 of Plaintiff's Complaint, including subparts (a), (b), and the "WHEREFORE" clause.

27.   Defendant denies all allegations contained in Plaintiff's Request for Relief.

28. Any allegation contained in Plaintiff's Complaint not specifically admitted herein is denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state any claims upon which relief may be granted.

2. Plaintiff has not suffered any damages.

3. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

4. To the extent that Plaintiff claims to have suffered damages, which is disputed by Defendant, Plaintiff has failed to mitigate any such claimed damages.

5. To the extent that the jury may find any violations of the Fair Debt Collection Practices Act, such alleged violations being expressly denied by Defendant, liability for any such alleged violations is barred by 15 U.S.C. §1692k(c).

6. Defendant is entitled to its attorneys' fees pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. §1927.

7. Pursuant to Section 615 (c) of the Fair Credit Reporting Act, Plaintiff's claims are barred, in whole or in part, by Defendant's reasonable procedures to assure compliance with the Fair Credit Reporting Act.

8. Defendant reserves the right to add additional defenses presently unknown to it according to facts that may become known during the course of discovery.

WHEREFORE, Defendant respectfully prays that Plaintiff's Complaint be dismissed with prejudice in its entirety, that Defendant be awarded its reasonable attorneys' fees and costs incurred to date in defending this action, and for such other and further relief as this Court deems proper.

RESPECTFULLY SUBMITTED this 20th day of February, 2012.

        ADAM L. PLOTKIN, P.C.

By:   s/ Steven J. Wienczkowski, Esq.
       Steven J. Wienczkowski, #33105
       621 Seventeenth Street, Suite 1800
       Denver, Colorado 80293
       Telephone: (303) 296-3566
       FAX: (303) 296-3544
       E-mail: swienczkowski@alp-pc.com
       Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2012, I electronically filed the foregoing **ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** using the CM/ECF system and placed the same in the U.S. Mail postage prepaid addressed to:

Brian DeMaestri
9901 E. Evans Ave., #23D
Denver, CO 80247

        By:   s/Steven J. Wienczkowski, Esq.
             Steven J. Wienczkowski