# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-000015-WJM-MJW
(Consolidated with Civil Action Nos. 12-cv-000016, 12-cv-000017,
12-cv-000018 and 12-cv-000129)

BRIAN DEMAESTRI

    Plaintiff,

v.

STA INTERNATIONAL,

    Defendant,

v.

ENHANCED RECOVERY COMPANY, LLC,
MERCHANTS CREDIT GUIDE COMPANY,
PINNACLE CREDIT SERVICES, LLC, and
ASSET ACCEPTANCE CAPITAL CORP.

    Consolidated Defendants.

**RECEIVED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 13 2012

GREGORY C. LANGHAM
CLERK

---

## PROPOSED SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND *PRO SE* PARTY

    a.    Date of the Conference: March 15, 2012

    b.    Name, address and telephone numbers of *pro se* Plaintiff, Brian DeMaestri:

        Brian DeMaestri
        9901 E. Evans Ave. 23D
        Denver, CO 80247
        Telephone: (720) 535-6656
        Fax: (720 535-6656

    c.    Counsel for Defendant, STA International:
        Steven J. Wienczkowski, Esq.
        621 Seventeenth Street, Suite 1800

        Denver, Colorado 80293
        Telephone: (303) 296-3566
        Fax: (303) 382-6839

d.      Counsel for Defendant, Asset Acceptance Capital Corp.:
        Joseph J. Lico, Esq.
        621 Seventeenth Street, Suite 1800
        Denver, Colorado 80293
        Telephone: (303) 302-6864
        Fax: (303) 302-6864

## 2. STATEMENT OF JURISDICTION

a.      The jurisdiction of this Court is conferred by 28 U.S.C. §1331 and 15 U.S.C. §1681p. Defendants do not contest subject matter jurisdiction at this time.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a.      *Plaintiff:* Brian DeMaestri ("Plaintiff") brings this action against STA International ("STA") alleging violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681 *et seq.* and the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692 *et seq.* Plaintiff alleges STA violated his privacy and the FCRA by obtaining his consumer report from Experian without a "permissible purpose" on at least one (1) occasion. Plaintiff alleges STA violated the FDCPA by obtaining his consumer report from Experian by using "false representations or deceptive means to collect or attempt to collect any debt". Plaintiff maintains he has never had any debt, "account", service, contract, agreement, or the like with STA. Plaintiff seeks statutory damages for "willful noncompliance" and "false representations or deceptive means to collect or attempt to collect any debt", and all other available remedies.

b. Plaintiff brings this action against Asset Acceptance Capital Corp. ("AA") alleging violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681 *et seq.* and the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692 *et seq.* Plaintiff alleges AA violated his privacy and the FCRA by obtaining his consumer reports from Trans Union without a "permissible purpose" on at least two (2) occasions. Plaintiff alleges AA violated the FDCPA by obtaining his consumer report from Trans Union by using "false representations or deceptive means to collect or attempt to collect any debt". Plaintiff maintains he has never had any debt, "account", service, contract, agreement, or the like with AA. Plaintiff seeks statutory damages for "willful noncompliance" and "false representations or deceptive means to collect or attempt to collect any debt", and all other available remedies.

c. *Defendant:* STA and AA (collectively the "Defendants") deny Plaintiff's claims of violating the FCRA and the FDCPA. In addition to specifically denying the allegations set forth in the Plaintiff's Complaint, the Defendants state the following affirmative defenses: (1) Plaintiff has failed to state any claims upon which relief may be granted; (2) Plaintiff has not suffered any damages; (3) to the extent the Plaintiff claims to have suffered damages, which is disputed by Defendants, Plaintiff has failed to mitigate any such claimed damages; (4) To the extent that the jury may find any violations of the FDCPA, such alleged violations being expressly denied by Defendants, liability for any such alleged violations is barred by 15 U.S.C. §1692k(c); (5) Defendants are entitled to its attorneys' fees pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. §1927; and (6) pursuant to Section 615 (c) of the Fair Credit

Reporting Act, Plaintiff's claims are barred, in whole or in part, by Defendants' reasonable procedures to assure compliance with the Fair Credit Reporting Act.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

a. Plaintiff, Brian DeMaestri, is a natural person.

b. Jurisdiction is proper.

c. Venue is proper in this District.

### 5. COMPUTATION OF DAMAGES

Plaintiff seeks statutory damages in the amount of $4,000 as follows:

a. Two (2) FCRA violations for obtaining and or using Plaintiff's consumer report without a "permissible purpose" against Defendant Asset Acceptance Capital Corp., carrying a maximum statutory damage of $1000 per violation.

b. Up to $1000 statutory damages against Defendant Asset Acceptance Capital Corp. for the violation of the FDCPA, using "false representations or deceptive means to collect or attempt to collect any debt".

c. One (1) FCRA violation for obtaining and or using Plaintiff's consumer report without a permissible purpose against Defendant STA International, carrying statutory damages of up to $1000.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND METTING UNDER FED. R.CIV.P. 26(F)

a. Date of Rule 26(f) meeting: March 12, 2012

b. Names of each participant and party he/she represented.

The Plaintiff represented himself.

<u>Steven J. Weinckowski represented the Defendant STA International.</u>

<u>Joseph J. Lico represented the Defendant Asset Acceptance Capital Corp.</u>

    c.    Statement as to when Rule 26(a)(1) disclosures were made or will be made.

<u>The mandatory disclosures pursuant to Rule 26(a)(1) will be made by the Plaintiff by March 12, 2012.</u>

<u>The mandatory disclosures pursuant to Rule 26(a)(1) will be made by the Defendants by March 14, 2012.</u>

    d.    Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1). <u>See section 6.c above.</u>

    e.    Statement concerning any agreements to conduct informal discovery, including joint interviews with potential witnesses, exchanges of documents, and joint meetings with clients to discuss settlement. If there is agreement to conduct joint interviews with potential witnesses, list the names of such witnesses and a date and time for the interview which has been agreed to by the witness, all counsel and all pro se parties.

<u>None at this time.</u>

    f.    The parties do not anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

    g.    Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The parties have yet to discuss resolving this case.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a.      Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

5 depositions per side, including experts; 25 interrogatories per side.

b.      Limitations which any party proposes on the length of depositions.

7 hours per deposition.

c.      Limitations which any party proposes on the number of requests for production and/or requests for admission.

25 Requests for Production per side, 25 Requests for Admissions per side.

d.      Other Planning or Discovery Orders

None.

## 9. CASE PLAN AND SCHEDULE

a.      Deadline for Joinder of Parties and Amendment of Pleadings:

April 15, 2012

b.      Discovery Cut-off:

July 15, 2012

c.      Dispositive Motion Deadline:

August 15, 2012

d.      Expert Witness Disclosure

(1) The parties shall identify anticipated fields of expert testimony, if any.

Plaintiff may offer expert testimony on the debt collection industries reasonable procedure standards to ensure compliance with the Fair Credit Reporting Act and Fair Debt Collection Practices Act.

Defendant: None at this time, but may offer rebuttal experts.

(2) Limitations which the parties propose on the use or number of expert witnesses.

<u>Two (2) experts per side, including any rebuttal experts.</u>

(3) The parties shall designate all experts and provide opposing counsel and any *pro se* parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

April 15, 2012.

(4) The parties shall designate all rebuttal experts and provide opposing counsel and any *pro se* party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

May 13, 2012.

c. Identification of Persons to Be Deposed: Due on or before discovery cut-off.

| Name of Deponent | Date of deposition | Time of Deposition | Expected length of Deposition |
|---|---|---|---|
| Plaintiff | To be determined | To be determined | Up to 7 hours |
| Plaintiff's Witnesses, if any | To be determined | To be determined | Up to 7 hours for each witness |
| Unknown employees, of the | To be determined | To be determined | Up to 4 hours for each employee |

Page 7 of 10

MAR-13-2012  09:44                               95%                               P.08

| defendant | | | |
|---|---|---|---|
| Corporate Representative(s) of the Defendant pursuant to Fed. R. Civ. P. 30(b)(6) | To be determined | To be determined | Up to 7 hours for the corporate designee. |

    f.    Deadline for Interrogatories:

June 15, 2012.

    g.    Deadline for Requests for Production of Documents and/or Admissions:

June 15, 2012.

## 10. DATES FOR FURTHER CONFERENCES

    a.    A settlement conference will be held on_____ at _____ o'clock ___.m. It is hereby ordered that all settlement conferences that take place before the magistrate judge shall be confidential.

( ) *Pro se* parties and attorneys only need be present.

( ) Pro se parties, attorneys, and client representatives with authority to settle must be present. (NOTE: This requirement is not fulfilled by the presence of counsel. If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.)

( ) Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before _____ outlining the facts and issues, as well as the strengths and weaknesses of their case.

    b.    Status conferences will be held in this case at the following dates and times:

c.      A final pretrial conference will be held in this case on _____ at o'clock m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five (5) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a.      Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

<u>None.</u>

b.      Anticipated length of trial and whether trial is to the court or jury.

<u>Two (2) day trial to jury.</u>

c.      Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facility at 212 N. Wahsatch Street, Colorado Springs, Colorado.

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case. With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone

number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

### 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended upon a showing of good cause.

DATED this _____ day of March 2012.

BY THE COURT:

_____
Michael J. Watanabe
United States Magistrate Judge

APPROVED:

_____
Plaintiff: Brian DeMaestri
9901 E. Evans Ave. #23D
Denver, CO 80247

s/_____
Steven J. Wienczkowski, Esq.
621 Seventeenth Street, Suite 1800
Denver, Colorado 80293
Telephone: (303) 296-3566
FAX: (303) 296-3544
E-mail: swienczkowski@alp-pc.com
Attorney for Defendant, STA International

s/_____
Joseph J. Lico, Esq.
621 Seventeenth Street, Suite 1800
Denver, Colorado 80293
Telephone: (303) 296-3566
FAX: (303) 296-3544
E-mail: jlico@alp-pc.com
Attorney for Defendant, Asset Acceptance Capital Corp.